UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                     Case No. 11-20551-53, 47, 43

NATHAN REED, AYESHA McCRAY AND
PHILLIP BURNETT,

    Defendants.
                                             /

**OPINION AND ORDER DENYING DEFENDANTS' MOTION TO SEVER**

      Before the court is Defendant Nathan Reed's motion to sever for purposes of trial. Defendants Ayesha McCray and Phillip Burnett have joined Reed's motion. Having reviewed Defendants' motion, the court concludes a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated below, the court will deny Defendants' motion.

      Defendants Reed, McCray, and Burnett are each charged with conspiracy to distribute and possess with intent to distribute controlled substances (21 U.S.C. §§ 841(a)(1) and 846) and conspiracy to commit health care fraud (18 U.S.C. §§ 1347,1349). Defendants do not assert that the charges against them were improperly joined under Federal Rule of Criminal Procedure 8. Rather, they contend that the court should sever the charges against them under Federal Rule of Criminal Procedure 14(a), which allows for severance when joinder of offenses or defendants for trial "appears to prejudice a defendant." Defendant Reed argues:

      It is anticipated that the government will admit statements of some of the co-

>   defendants that were not made in furtherance of the conspiracy and, therefore, would not be admissible against Defendant under FRE 801(d)(2)(E).  A joint trial with the other co-defendants would severely prejudice substantial rights of Defendant because the statements described above would not be admissible against Defendant if he were to be tried separately.

(Dkt. # 670, Pg. ID 2634.)  Defendant Reed provides absolutely no factual basis for the events that he "anticipates."  In fact, in its response, the Government states, "[i]n the instant case, any statements made that the government will seek to admit will be statements made during and in furtherance of the conspiracy."  (Dkt. # 727, Pg. ID 2858.)

A motion to sever is left to the discretion of the trial court.  *United States v. Lopez*, 309 F.3d 966, 971 (6th Cir. 2002).  However, "[a]s a general rule, persons jointly indicted should be tried together because 'there is almost always common evidence against the joined defendants that allows for the economy of a single trial.'"  *Id.* (quoting *United States v. Phibbs*, 999 F.2d 1053, 1067 (6th Cir. 1993)).  The Sixth Circuit has instructed that "[s]everance should be granted 'only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.'"  *Id.* (quoting *Zafiro v. United States*, 506 U.S. 534, 539 (1993)).  Defendant Reed has not shown that any such risk exists here.

Defendant Reed speculates of his fear of an entirely predictable, and very common, *Bruton* problem in which his co-defendant's statements will implicate him in the crime, and he will not be able to cross-examine his co-defendants because they can exercise their constitutional right not to testify.  *See Bruton v United States*, 391 U.S.

123 (1968). However, in the court's experience, this problem is easily—and commonly—remedied by the government and the defense agreeing to modification or redaction of the potentially problematic statements. Moreover, Defendant Reed's speculation about the potential impact of statements of current co-defendants is unspecified, and bereft of detail. It is yet to be known definitively who will or will not testify and who will or will not plead guilty.

Finally, "[t]he fact that a defendant may have a better chance at acquittal if his trial were severed does not require the judge to grant his motion: the defendant must show 'substantial,' 'undue,' or 'compelling' prejudice." *United States v. DeFranco*, 30 F.3d 664, 669–70 (6th Cir.1994). Reed speaks in generalities and has not shown that there is any serious risk of significant prejudice which overcomes the economy of a single trial. Accordingly,

IT IS ORDERED that Defendants' motion to sever [Dkt. ## 670, 673, 679] is DENIED.

      s/Robert H. Cleland  
      ROBERT H. CLELAND  
      UNITED STATES DISTRICT JUDGE

Dated: May 29, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 29, 2014, by electronic and/or ordinary mail.

      s/Lisa Wagner  
      Case Manager and Deputy Clerk  
      (313) 234-5522